UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MEDINA
PORTILLO,

       Petitioner,

v.

CHAD F. WOLF, et al.,

       Respondents.
                              /

Case No. 2:20-cv-12730

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
DISMISSING FIRST AMENDED
VERIFIED EMERGENCY PETITION FOR WRIT OF
HABEAS CORPUS AND COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF [5] FOR LACK OF JURISDICTION**

Petitioner Michael Medina Portillo filed an emergency petition for a writ of habeas corpus to delay his deportation that is currently scheduled for October 22, 2020. ECF 1. He then filed an amended habeas petition under 28 U.S.C. § 2241, ECF 5, and a motion for a temporary restraining order, ECF 7. The Government promptly responded to the amended petition and argued that the Court lacked jurisdiction over it. ECF 8. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the following reasons, the Court will dismiss the petition for lack of jurisdiction.

### BACKGROUND

Petitioner is a native of El Salvador who entered the United States five years ago. ECF 5, PgID 168. On October 4, 2019, the Board of Immigration Appeals ("BIA")

1

affirmed the immigration judge's decision and ordered Petitioner's removal from the United States. ECF 5-3; ECF 8-1, PgID 331. After the BIA issued its order affirming the immigration judge, Petitioner moved to reopen and remand his case. ECF 5-7. He also filed an I-360 petition with the United States Customs and Immigration Service ("USCIS") and requested "Special Immigrant Juvenile Status." ECF 5-5. The I-360 petition was approved on May 29, 2020. ECF 5-6. Then, more than three months later, on September 4, 2020, Petitioner filed a supplemental brief and informed the BIA that his I-360 petition was approved. ECF 5-8. Finally, on October 13, 2020, less than ten days before his scheduled removal date, Petitioner filed an emergency motion with the BIA to stay his removal. ECF 8-1, PgID 333. He is not detained, rather he reports to the USCIS via SMARTLINK software on a smartphone. ECF 8-1, PgID 332. Now, Petitioner asks the Court to grant him habeas relief and stay his deportation. *See* ECF 5. But the Court is unable to do so because it lacks jurisdiction over the petition.

## STANDARD OF REVIEW

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173–80 (1803)). And, the Court "may, at any time, . . . dismiss a complaint for lack of subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also* Fed. R. Civ P. 12(h)(3) ("If the

2

[C]ourt determines at any time that it lacks subject matter jurisdiction, [it] must dismiss the action.").

## DISCUSSION

I. <u>Habeas Petition and Request for Injunctive Relief</u>

Petitioner requests that the Court grant him "habeas to stay his removal."[1] ECF 5, PgID 217. But the Court lacks jurisdiction to do so. Even if Petitioner is requesting judicial review of a final order of removal, he is doing so in the wrong forum. The REAL ID Act, 8 U.S.C. § 1252, gave the United States courts of appeal exclusive jurisdiction to review final orders of removal when it "channeled judicial review of an alien's claims related to his or her final order of removal through a petition for review at the court of appeals." *Elgharib v. Napolitano*, 600 F.3d 597, 600 (6th Cir. 2010); *see also* 8 U.S.C. § 1252(a)(5) ("[A] petition for review" of a BIA final order "filed with an appropriate court of appeals in accordance with this section shall be the *sole and exclusive means for judicial review of an order of removal*.") (emphasis added). Because the Court is a district court, it lacks jurisdiction to review a final order of removal.

Petitioner also asks the Court to temporarily stay his removal, but the Court also lacks jurisdiction to do so. "Under a plain reading of" 8 U.S.C. § 1252(g) "the Attorney General's enforcement of long-standing removal orders falls squarely under

---

[1] Petitioner's original petition also asked for mandamus relief. *See* ECF 1. But the first amended petition does not. *See* ECF 5. The Court therefore finds that the mandamus claim is no longer pending. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) ("Thus, after [petitioner] filed his amended petition, only that petition remained pending before the district court.").

3

the Attorney General's decision to execute removal orders and is not subject to judicial review." *Hamama v. Adducci*, 912 F.3d 869, 874 (6th Cir. 2018). And as the Sixth Circuit has recently held, "the decision to deny a temporary stay of removal arises directly from the decision of the Attorney General to execute a removal order, so it is rendered unreviewable by § 1252(g)." *Rranxburgaj v. Wolf*, --- F. App'x. ---, No. 19-2148, 2020 WL 5033408, at *4 (6th Cir. Aug. 26, 2020). The Court therefore lacks jurisdiction to stay Petitioner's removal.

Further, Petitioner "cannot circumvent the REAL ID Act's review provisions and express limitations of district court jurisdiction by claiming that he is pursuing . . . a due process claim that is somehow distinct from his removal order." *Benitez v. Dedvukaj*, 656 F. Supp. 2d 725, 728 (E.D. Mich. 2009); *see also Yzo v. Gonzales*, No. 07-11798, 2007 WL 1840145, at *3 (E.D. Mich. June 25, 2007) ("[A]ctions filed pursuant to 28 U.S.C. § 2241 with respect to immigration matters (as this case is) are within the sole and exclusive jurisdiction of the federal court of appeals in the judicial circuit where the immigration judge completed the proceedings."). Again, the Court does not have jurisdiction over Petitioner's habeas petition.

Finally, Petitioner's claim that the REAL ID Act's jurisdiction stripping provision violates the Constitution's Suspension Clause, ECF 5, PgID 172, is meritless. The Suspension Clause states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. But the Suspension Clause

does not apply here for two reasons. First, Petitioner seeks a stay of removal, but a habeas challenge requesting a stay of removal is "not protected by the Suspension Clause" because it does "not challenge any detention and [does] not seek release from custody." *Hamama*, 912 F.3d at 875. Second, the Sixth Circuit has already held that the REAL ID Act does not violate the Suspension Clause because "Congress does not suspend the writ [of habeas corpus] when it strips the courts of habeas jurisdiction so long as it provides a substitute that is adequate and effective to test the legality of a person's detention." *Id.* at 876 (citing *Swain v. Pressley*, 430 U.S. 372, 381 (1977)). The argument that the REAL ID Act's jurisdiction stripping provision violates the Suspension Clause is baseless. The Court therefore finds "that it lacks subject-matter jurisdiction" and thus it "must dismiss the" petition. Fed. R. Civ. P. 12(h)(3).

II.     Temporary Restraining Order

Because the Court lacks jurisdiction over the petition, it lacks jurisdiction to issue a temporary restraining order. *See, e.g.*, *Saginaw Chippewa Indian Tribe of Mich. v. NLRB*, 838 F. Supp. 2d 598, 605–07 (E.D. Mich. 2011). Petitioner's motion for a temporary restraining order, ECF 7, is therefore denied.

# ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's first amended verified emergency petition for writ of habeas corpus and complaint for injunctive and declaratory relief [5] is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Petitioner's motion for a temporary restraining order and preliminary injunction [7] is **DENIED**.

This is a final order that closes the case.

**SO ORDERED**.

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: October 19, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 19, 2020, by electronic and/or ordinary mail.

s/ David Parker<br>Case Manager

6